### In re Clarissa THOMAS–EDWARDS, Respondent.

### A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 434607).

### No. 09–BG–130.

District of Columbia Court of Appeals.

March 12, 2009.

Before REID and FISHER, Associate Judges, and PRYOR, Senior Judge.

---

PER CURIAM:

The respondent, Clarissa Thomas–Edwards, a member of the bar of this court, has admitted to violating D.C. Rules of Professional Conduct 1.4(a), 1.14(a), and 1.16(d) in Bar Docket No. 098–08 and Rule 1.15(a) in Bar Docket No. 019–05. Specifically, in the first disciplinary matter respondent admitted that she failed to keep a client reasonably informed about the status of a matter, failed to maintain a normal attorney-client relationship with that client, and, in connection with termination of representation of that client, failed to refund unearned fees in a timely manner. In the second disciplinary matter, respondent admitted that she commingled her own property with that of her clients and third parties and failed to keep complete records of her client and third party's funds.

Respondent voluntarily made these admissions in a petition and supporting affidavit for negotiated discipline, that was prepared by Bar Counsel and jointly filed on October 29, 2008.[1] This matter was then referred to the Board on Professional Responsibility *Ad Hoc* Hearing Committee ("Committee") for a limited hearing on the petition for negotiated discipline. The purpose of the hearing held on December 17, 2008, was to consider the petition, accompanying affidavit, oral statements made by respondent and Bar Counsel and aggravating and mitigating circumstances. The Committee found that respondent had no prior disciplinary matters before this court and she took full responsibility for her misconduct and demonstrated remorse. The Committee also determined that respondent did not understand her accounting responsibilities, but had taken steps to correct the errors. Finally, the Committee concluded that in this instance, since there remained sufficient funds in respondent's account to cover her clients' funds, misappropriation did not occur. In conjunction, the Committee also reviewed Bar Counsel's investigative file *in camera*, and compared sanctions imposed in similar cases. The Committee issued a report on February 10, 2009, recommending that the negotiated sanction of public censure be imposed.[2]

We have reviewed it in accordance with our procedures in uncontested disciplinary cases,[3] and hereby accept the Committee's Report and Recommendation approving the petition for negotiated discipline. Accordingly, it is,

ORDERED that Clarissa Thomas–Edwards is hereby publicly censured. Respondent will take five hours of pre-approved continuing legal education as prescribed by the Committee, and within two months of this opinion, meet with the manager of the Practice Management Advisory Service of the District of Columbia Bar and comply with the other requirements prescribed by the Committee.

*So ordered.*

1. *See* D.C. Bar R. XI, § 12.1(b) (2008 Supp.); Bd. Prof. Resp. R. 17.3.

2. Bd. Prof. Resp. R. 17.6. *See In re Mott,* 886 A.2d 535 (D.C.2005) (public censure for commingling funds and failure to keep financial records.).

3. D.C. Bar R. XI, § 12.1(d) (2008 Supp.).