*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 19-BG-659

IN RE CLARISSA THOMAS EDWARDS, RESPONDENT.

A Suspended Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 434607)

On Report and Recommendation
of the Board on Professional Responsibility

(15-BD-030; 13-DDN-D261 and 13-DDN-D463)

(Submitted May 10, 2022)                    (Decided July 28, 2022)

*Clarissa T. Edwards*, pro se.

*Hamilton P. Fox, III*, Disciplinary Counsel, *Myles V. Lynk*, Senior Assistant Disciplinary Counsel, and *Becky Neal*, Senior Assistant Disciplinary Counsel, for petitioner.

Before MCLEESE, DEAHL, and HOWARD, *Associate Judges*.

PER CURIAM: The Board on Professional Responsibility determined that respondent Clarissa T. Edwards commingled client funds, failed to maintain adequate records of client funds, and made a reckless misrepresentation on a court form. The Board recommended that Ms. Edwards be suspended for two years, with a fitness requirement as a condition of reinstatement. Ms. Edwards contests the

Board's finding of reckless misrepresentation. Ms. Edwards also argues that the appropriate sanction is a public censure. Disciplinary Counsel argues that Ms. Edwards's misconduct warrants a three-year suspension with a fitness requirement. We uphold the Board's determination of recklessness and adopt the Board's recommended sanction of a two-year suspension with a fitness requirement.

## I.

The Board based its recommendation on the following factual conclusions. In 2009, Ms. Edwards was censured by this court for, among other things, commingling funds and failing to keep complete records of client funds. *In re Thomas-Edwards*, 967 A.2d 178, 179 (D.C. 2009) (per curiam). Following the censure, Ms. Edwards took several courses about managing law-firm finances and worked with the Practice Management Advisory Service of the District of Columbia Bar. Beginning in 2011, however, Ms. Edwards again began to commingle client funds with her personal funds. She also failed to maintain adequate records of client funds from 2011 through 2015. Her records were so deficient that it was not possible for Disciplinary Counsel to determine whether Ms. Edwards had misappropriated any funds. The Board concluded that this conduct violated D.C. R. Prof. Conduct 1.15(a), which

prohibits commingling, and D.C. Bar R. XI, § 19(f) (repealed as duplicative of Rule 1.15(a), effective March 1, 2016), which required the keeping of complete records about client funds.

Also, Ms. Edwards twice failed to disclose her 2009 censure to a court. On a pro hac vice application filed in the Eastern District of Virginia, she stated that she had "not been reprimanded in any court nor [had] there been any action in any court pertaining to [her] conduct or fitness as a member of the bar." Shortly afterwards, on a form filed in the United States District Court for the District of Columbia (D.D.C.), Ms. Edwards was asked to identify "[a]ll occasions, if any, on which you have been held in contempt of Court, convicted of a crime, censured, suspended, disciplined or disbarred by any Court since your last renewal date," to which she replied "none." When opposing counsel in the Virginia matter later raised the error on her pro hac vice form, Ms. Edwards corrected the Virginia form, but she never corrected the D.D.C. form.

The Board concluded that Ms. Edwards's false statement on the D.D.C. form violated D.C. R. Prof. Conduct 8.4(c), which prohibits "conduct involving dishonesty, fraud, deceit, or misrepresentation." The Board concluded that there was not clear and convincing evidence that Ms. Edwards was intentionally dishonest

on the D.D.C. form.  The Board essentially credited Ms. Edwards's testimony that the original false statement was the result of her rushing through the form.  The Board further explained that although opposing counsel had notified Ms. Edwards that her statement on the *Virginia* pro hac vice application was false, Ms. Edwards had never been notified that her statement on the *D.D.C.* renewal application was false, and Ms. Edwards thus lacked actual knowledge of the D.D.C. statement's falsity.  In the Board's view, Ms. Edwards's claim that the mistake was not intentional was supported by the extensive testimony that Ms. Edwards's work as an attorney was frequently rushed and that Ms. Edwards lacked attention to detail.

On the other hand, the Board concluded that Ms. Edwards's false statement on the D.D.C. form was reckless.  The Board gave two principal reasons for that conclusion:  (1) given her prior discipline, Ms. Edwards should have been more careful in filling out the D.D.C. form; and (2) once she was alerted to the falsity on the Virginia form, Ms. Edwards ought to have confirmed the accuracy of her recently filed D.D.C. form.

## II.

As noted, Ms. Edwards challenges the Board's determination that her failure to correct the D.D.C. form was reckless, arguing that instead she was merely careless. We review de novo the Board's determination that Ms. Edwards acted recklessly. *E.g.*, *In re Dailey*, 230 A.3d 902, 909 (D.C. 2020). We agree with the Board's reasoning and its conclusion. The question on the D.D.C. form was very clear, and it is difficult to see how Ms. Edwards could have answered it as she did unless she ignored the text of the question. Once she was advised that she had given a false answer to a similar question on the Virginia form, Ms. Edwards certainly could have been expected to realize her mistake on the D.D.C. form. *See generally, e.g.*, *In re Schuman*, 251 A.3d 1044, 1054 n.8 (D.C. 2021) ("Dishonesty can be proven by sufficient proof of recklessness—i.e., proof that [the attorney] consciously disregarded the risk created by [the attorney's] actions.") (internal quotation marks omitted).

## III.

This court adopts the sanction recommended by the Board "unless to do so would foster a tendency towards inconsistent dispositions for comparable conduct

or would otherwise be unwarranted." D.C. Bar R. XI, § 9(h)(1). "The Board's recommended sanction thus comes to the court with a strong presumption in favor of its imposition. Generally speaking, if the Board's recommended sanction falls within a wide range of acceptable outcomes, it will be adopted and imposed." *In re Cleaver-Bascombe*, 892 A.2d 396, 402 (D.C. 2006) (citation and internal quotation marks omitted). "Ultimately, the system of attorney discipline, including the imposition of sanctions, is the responsibility and duty of this court." *In re Austin*, 858 A.2d 969, 975 (D.C. 2004).

We conclude that the Board's recommended sanction is reasonable and appropriate. In prior disciplinary cases involving commingling and dishonesty, we have imposed a wide range of sanctions, depending on the surrounding circumstances. *See, e.g.*, *In re Marks*, 252 A.3d 887, 888-89 (D.C. 2021) (per curiam) (suspending respondent for one year without fitness requirement, where respondent commingled and negligently misappropriated client funds and made two intentionally dishonest statements); *In re Ekekwe-Kauffman*, 210 A.3d 775, 781-82, 786-88, 793-97, 800 (D.C. 2019) (per curiam) (suspending respondent for three years with fitness requirement, where respondent commingled client funds over course of several years; failed to provide competent, zealous representation; failed to keep her client informed about course of her case; charged unreasonable fee;

refused to return unearned fee; and intentionally submitted falsified document to court); *In re Johnson*, 158 A.3d 913, 915-16, 919-20 (D.C. 2017) (suspending respondent for ninety days, with sixty days suspended in favor of one year of probation with conditions, where respondent commingled funds, failed to act competently and diligently, and engaged in dishonest conduct).

In recommending a two-year suspension with a fitness requirement, the Board explained that (1) the misconduct was serious, involving extended commingling and severe and pervasive lack of recordkeeping; (2) Ms. Edwards did not appreciate the seriousness of her misconduct, and instead seemed to try to make excuses for it; (3) Ms. Edwards's dishonesty was reckless rather than intentional; (4) although Ms. Edwards suggested that she suffered from mitigating medical conditions, she failed to provide medical evidence to support that suggestion and failed to show that her condition caused her misconduct; and (5) Ms. Edwards's prior censure for strikingly similar misconduct was a significant aggravating factor. We view the Board's explanation to be supported by the record and very persuasive.

Disciplinary Counsel argues that the court should instead impose a three-year suspension with a fitness requirement. We decline to impose that sanction, which is the second-harshest sanction available, short only of disbarment. *In re Mensah*, 262

A.3d 1100, 1102 (D.C. 2021) (per curiam); D.C. Bar R. XI, § 3(a)(2) (authorizing suspension for not more than three years). Cases imposing that sanction have typically involved more serious misconduct than is present in this case. *See, e.g.*, *In re Marks*, 252 A.3d at 888-89; *In re Daniel*, 11 A.3d 291, 294-97, 299 (D.C. 2011) (suspending respondent for three years with fitness requirement, where respondent commingled client funds, used his IOLTA and client escrow accounts to conceal funds from IRS, and repeatedly made false statements to IRS).

We are likewise unconvinced by Ms. Edwards's argument that she should be censured rather than suspended. Ms. Edwards's previous censure did not deter her from again commingling funds and failing to keep complete records. We conclude that another censure would not serve the goals of the disciplinary process. *See In re Martin*, 67 A.3d 1032, 1053 (D.C. 2013) ("The discipline we impose should serve not only to maintain the integrity of the profession and to protect the public and the courts, but also to deter other attorneys from engaging in similar misconduct.") (internal quotation marks omitted). Additionally, we previously concluded that a censure was not appropriate where commingling was accompanied by acts of dishonesty. *See id.* at 1053-54 (explaining that although a censure might be an appropriate sanction for a single act of comingling, respondent's "dishonesty . . .

warrant[s] imposition of a more severe sanction," and suspending respondent for eighteen months with fitness requirement).

In sum, we agree with the Board that a two-year suspension with a fitness requirement is appropriate and would not "foster a tendency towards inconsistent dispositions for comparable conduct or . . . otherwise be unwarranted." D.C. Bar R. XI, § 9(h)(1).

Respondent Clarissa T. Edwards is hereby suspended for two years from the practice of law in the District of Columbia, with reinstatement conditioned on proof of fitness to practice law. Disciplinary Counsel has notified the court that Ms. Edwards has failed to file the affidavit required by D.C. Bar R. XI, § 14(g). Ms. Edwards has not responded to that notice. Ms. Edwards's period of suspension will not begin until Ms. Edwards files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g). *See, e.g.*, *In re Robinson*, 275 A.3d 890 (D.C. 2022) (per curiam).

*So ordered.*